GARCIA, Judge (specially concurring). {30} I agree that the language in City of Deming, 2007-NMCA-069, ¶¶ 22-24, appears to control our decision in this case. I write to specially concur because the broad language in City of Deming appears to extend the current version of the PEBA into situations where the resolution of an impasse in a collective bargaining agreement is never required. Id. Such a situation actually exists under the facts in this case. Unlike City of Deming, the LMRO has no provision to finally resolve the impasse that arose under the collective bargaining process between AFSCME and the City. Majority Opinion ¶ 9. {31} The original version of the PEBA only required advisory mediation to resolve an impasse in collective bargaining negotiations. Section 10-7D-18(B) (1992) (repealed 1999). The current version does require a final resolution of any impasse hy binding arbitration. Section 10-7E-18. City of Deming continues to allow ordinances that are only consistent with the non-binding impasse resolution provisions of the original version of the PEBA rather than the current version of the PEBA that requires a binding resolution. 2007-NMCA-069, ¶¶ 20-22. If the ultimate resolution of an impasse is now required under the current version of the PEBA in order for its grandfather clause to also apply, then City of Deming needs to be appropriately addressed anew. {32} Presently, City of Deming allows the unchanged version of Section 10-7E-26(A) to continue to apply under either version of the PEBA statutory scheme. 2007-NMCA-069, ¶ 22. If this Court has failed to properly construe the strict and narrow construction of the statutory grandfather clause in light of the overall purposes and intent set forth in the current version of the PEBA, then City of Deming needs to be narrowed accordingly. See Regents, 1998-NMSC-020, ¶¶ 23-28 (giving effect to the Legislative intent regarding grandfather clauses under the prior version of the PEBA that did not mandate a final impasse resolution procedure through binding arbitration). The Supreme Court has not yet addressed whether the purposes of the current version of the PEBA require a more strict and narrow construction of the grandfather clause in the PEBA. TIMOTHY L. GARCIA, Judge